UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JEREMIAH DAVILA-LYNCH, ET AL )<br>    Plaintiffs )<br>v. )<br>)<br>THE CITY OF BROCKTON, ET AL )<br>    Defendants )<br>) | Civil Action No. 09-cv-10817-RGS |

**PLAINTIFFS' MOTION *IN LIMINE* TO TESTIMONY OF REUBEN DELVALLE
REGARDING DECEMBER 14, 2011 INCIDENT**

Plaintiffs move *in limine* to exclude nonmaterial impeachment testimony of Patrolman Reuben Delvalle on a collateral matter (that Mr. Davila-Lynch purportedly told Delvalle that he was "former NYPD").[1]  *See* Fed. R. Evid. 608(b).

Defendants, in their amended trial memorandum, dated July 27, 2012, named Officer Reuben DaValle [*sic*] as a witness.  Reuben Delvalle's testimony is relevant only as to the December, 2011 police report, which he authored and which is marked as Exhibit D.  That police report was the subject of Plaintiffs' Motion In Limine to Exclude Brockton Police Report Dated December 14, 2011 (Doc. No. 64), which the Court granted.  As explained in the motion in limine, the events detailed in the report are not probative as to any material issue to be tried in the case at bar.  See Fed. R. Evid. 401-403.  To the extent that the defendants claim a propensity on the part of Mr. Davila-Lynch to give aid to the police, it is inadmissible character evidence. See Fed. R. Evid. 404.

Moreover, given the tenor of the Defendants' cross examination of Jeremiah Davila-Lynch, Plaintiffs believe that the defendants are seeking to use the incident in question to short

---

[1] This witness was named by the Defendants for the first time on July 27, 2012, after the deadline for motions *in limine* had passed.

circuit Rule 608(b).  During cross examination **today**, Davila-Lynch was asked for the first time whether, and denied that, he ever told a Brockton Police officer he was former NYPD.

In the police report, Patrolman Delvalle wrote that Davila-Lynch said, among other things, "I'm a former NYPD and now a Air Marshall [*sic*]..."  That statement, if made, was, **arguably**, false.  Plaintiffs suspect that the true purpose of the Defendants' inquiry, and the proposed testimony of Delvalle, is to prove that Davila-Lynch made a false statement, i.e., that he told Delvalle he was a former NYPD officer.

Rule 608(b) provides, in pertinent part:  "[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Delvalle's proposed testimony is just that:  extrinsic evidence to prove a specific instance of Davila-Lynch's conduct (untruthfully saying he was NYPD) in order to attack his character for truthfulness as to a *non-material* issue.  *See* Udemba v. Nicoli, 237 F.3d 8, 18 (1st Cir. 2008), *citing United States v. Beauchamp*, 986 F.2d 1, 3 (1st Cir. 1993).  In *Beauchamp*, 986 F.3d at 3-4, the First Circuit explained:

> It is well established that a party may not present extrinsic evidence to impeach a witness by contradiction on a collateral matter. *E.g., United States v. Pisari*, 636 F.2d 855, 859 (1st Cir.1981); 1 *McCormack on Evidence* § 45, at 169 (4th ed. 1992). **Thus, it is often said that when a witness testifies to a collateral matter, the examiner "must take [the] answer," i.e., the examiner may not disprove it by extrinsic evidence.** *E.g., United States v. Martz*, 964 F.2d 787, 789 (8th Cir.), *cert. denied*, ___ U.S. ___, 113 S.Ct. 823, 121 L.Ed.2d 694 (1992); *United States v. Young*, 952 F.2d 1252, 1259 (10th Cir.1991); 1 *McCormack on Evidence* § 45, at 170.  A matter is considered collateral if "the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness."  1 McCormack on Evidence § 45, at 169.  Stated another way, extrinsic evidence to disprove a fact testified to by a witness is admissible when it satisfies the Rule 403 balancing test and is not barred by any other rule of evidence.  *See United States v. Tarantino*, 846 F.2d 1384, 1409 (D.C.Cir.) ("The `specific contradiction' rule ... is a particular instance of the trial court's general power under Fed.R.Evid. 403 to exclude evidence `if its probative value is substantially outweighed ... by considerations of undue delay, [or] waste of time.'"), *cert. denied*, 488 U.S. 867,

2

> 109 S.Ct. 174, 102 L.Ed.2d 143 (1988); Pisari, 636 F.2d at 858; 3 *Weinstein's Evidence*, 607[5], at 607-79, -80 (1992). To the extent Mrs. Amaral's testimony merely went to Massey's credibility by demonstrating a contradiction on an immaterial matter, it was clearly excludible.

(emphasis added). Whether Mr. Davila-Lynch was ever employed by the NYPD is not relevant for **any purpose** other than mere contradiction of his in-court testimony.

In addition, this testimony is violative of Rule 403's proscription against evidence whose probative value (which is very low, if any) is substantially outweighed by the following dangers: unfair prejudice, confusing the issues, misleading the jury, and wasting time.

Plaintiffs
Jeremiah Davila-Lynch and
Laura Davila-Lynch
By Their Attorneys,


*/s/ Benjamin L. Falkner*
James B. Krasnoo (BBO# 279300)
jkrasnoo@krasnooklehm.com
Benjamin L. Falkner (BBO# 667951)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
28 Andover Street, Suite 240
Andover, MA  01810
(978) 475-9955
(978) 474-9005 (facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the within document upon counsel of record for each other party via the Court's ECF filing system on July 31, 2012.

*/s/ Benjamin L. Falkner*
Benjamin L. Falkner
